IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TYROWONE KIMBLE**                      **PLAINTIFF**

**V.**                 **CIVIL ACTION NO.: 3:17CV201-RP**

**COFFEEVILLE POLICE DEPT., ET AL.**            **DEFENDANTS**

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

Pending before the Court are Plaintiff Tyrowone Kimble's motions for summary judgment. Docs. #59 & #81. For the reasons set forth below, summary judgment will be denied.

**I**
**Summary Judgment Standard**

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed material its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (citation and quotation marks omitted).

"If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial." *McKee v. CBF Corp.*, 299 F. App'x 426, 428 (5th Cir. 2008) (citing *Celotex Corp.*, 477 U.S. at 331). If the evidence is such that a reasonable jury could return a verdict for the nonmoving party, then there is a genuine dispute as to a material fact, and summary judgment must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotation marks omitted).

# II
# Procedural History

Tyrowone Kimble has been allowed to proceed in this *pro se* prisoner civil rights action on a claim that his constitutional rights were violated by an incident of excessive force that was at least partially caused by the Chief of Police's failure to train and/or supervise his officers. *See, e.g.,* Docs. #30 & #29.

The incident giving rise to this lawsuit occurred when police officers initiated a traffic stop against Kimble in August 2016, in order to serve a warrant that was pending against him at the time. *See* Doc. #30. Kimble claims that while he was attempting to comply with police orders, Defendant Officer Gammill shot him twice with a taser. *Id.* Kimble also maintains that the Chief of Police, Mark Martin, failed to supervise and train his officers, which contributed to the injury against him. *Id.* Defendant Gammill filed his answer to the allegations on November 21, 2017. Doc. #24. Defendant Martin filed his answer to the complaint on November 29, 2017. Doc. #36. Both Defendants deny Kimble's allegations.

On January 18, 2018, Kimble moved for summary judgment. Doc. #59. In this motion, Kimble argues that the dash camera video evidence that was introduced at his *Spears*[1] hearing (1) causes undue prejudice to his claims, and (2) contains Defendant Gammill's admission that he shot Kimble twice with his taser. Doc. #59. He also argues that the documents in this case demonstrate that he was transported by ambulance for medical care, that he was diagnosed with facial trauma, and that his booking photograph shows injury to his face. *Id.* Defendants responded to the motion on February 2, 2018, maintaining, in part, that Kimble was resisting arrest. *See* Doc. #66.

On February 26, 2018, Kimble filed a second dispositive motion, this time for partial summary judgment. Doc. #81. In this motion, Kimble claims that Defendants' discovery failed

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

to address his failure to train and supervise claim against Defendants. *Id*. Defendants responded to the second motion on March 8, 2018, claiming that Kimble admits that the facts are in dispute and asserting that Kimble has failed to demonstrate a constitutionally actionable injury. Doc. # 91.[2]

### III
### Analysis

To establish a claim of excessive force under the Fourth Amendment, a plaintiff must demonstrate (1) an injury, (2) resulting directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable. *Trammell v. Fruge*, 868 F.3d 332, 340 (5th Cir. 2017) (quotation marks omitted). In analyzing a use of force under the Fourth Amendment, the particular circumstances of the case — including whether suspect was resisting arrest or attempting to evade arrest — are relevant to whether a particular use of force was reasonable under the Fourth Amendment. *See, e.g., Graham v. Connor*, 490 U.S. 386, 396 (1989).

Additionally, the elements of a failure to train or supervise claim under § 1983 are: (1) that "the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *See, e.g., Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 379 (5th Cir. 2005) (citation omitted). Accordingly, absent an established violation of a plaintiff's rights, there can be no liability to a supervisory official for his or her failure to train a subordinate.

It is clearly in dispute whether Kimble was resisting arrest and whether Kimble suffered

---

[2] Defendants also note that it is uncertain why Kimble filed a motion for "Partial Summary Judgment," as excessive force is his only claim. *See* Doc. #91 at 2 n.1. It is clear, however, that the Court intended for a failure to supervise/train claim to proceed against Defendant Martin. *See* Doc. #29.

an injury because of an excessive use of force.  The Court finds that these are genuine issues of material fact that cannot be resolved on the evidence currently before the Court, and that Kimble has not, therefore, discharged his burden under Rule 56 of the Federal Rules of Civil Procedure as to his claims in this lawsuit.  Accordingly, his motions for summary judgment [59][81] are **DENIED**.

    **SO ORDERED**, this 12th day of March, 2018.

    /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE